IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKLIN LEE HUDGENS, | § § | |
| Movant, | § § | |
| V. | § § | CASE NO. 3:21-CV-2044-B-BK |
| | § | (CRIMINAL CASE NO. 3:18-CR-573-B) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Franklin Lee Hudgens's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

I.   BACKGROUND

On November 6, 2018, Movant was named in a fourteen-count indictment charging him in count one with conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and in count thirteen with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *United States v. Ronald Lynell Levingston, Jr. et al.*, No. 3:18-CR-573-B, Crim. Doc. 1. Movant originally entered a plea of not guilty. Crim. Doc. 96. He later signed a written plea agreement, Crim. Doc. 278, and a factual resume. Crim. Doc. 277. The factual resume set forth the elements of the offense charged in count thirteen of the indictment and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement reflected that Movant faced a term of imprisonment for a period not to exceed twenty years; that he had reviewed the guidelines with his attorney but understood

that no one could predict with certainty the sentence that might be imposed; that the plea was freely and voluntarily made and was not the result of any force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was satisfied with counsel's representation. Crim. Doc. 278. On October 8, 2019, Movant entered his plea of guilty to count thirteen of the indictment. Crim. Doc. 299. He testified under oath that: he had discussed with counsel how the guidelines might apply but understood that he should never depend or rely on any statement or promise by anyone including counsel as to the sentence that would be imposed; he had discussed his case and guilty plea with counsel and was fully satisfied with the representation he had received; he understood the elements of the offense charged in count thirteen of the indictment and he had committed each of them; no one had tried in any way to coerce him to plead guilty; he had read understood, and discussed the plea agreement with counsel before signing it; he understood he was waiving his right to appeal or otherwise challenge his conviction and sentence except as set forth in the plea agreement; he freely and voluntarily entered into the plea agreement; he understood the penalties he faced; and, he had read, understood, and discussed the factual resume with counsel before signing it and all of the facts set forth were true and correct. Crim. Doc. 398.

The Court sentenced Movant to a term of imprisonment of 168 months. Crim. Doc. 383. He appealed despite having waived his right to do so. Crim. Doc. 386. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as presenting no nonfrivolous issue for appellate review. *United States v. Hudgens*, 851 F. App'x 512 (5th Cir. 2021).

Movant alleges three grounds in support of his motion: (1) ineffective assistance of counsel; (2) "illegal sentence"; and (3) "ambiguous plea agreement." Civ. Doc. 1 at 4, 5, 7.[1]

## II. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[1] The references to page numbers of the motion are to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system. The typewritten page numbers on the form used by Movant are not the actual page numbers of the document.

3

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III. ANALYSIS

In support of his first ground, Movant simply states that his "constitutional rights were violated by the ineffective or deficient assistance of counsel as required under the Sixth

Amendment." Civ. Doc. 1 at 4. In support of his second ground, Movant alleges that he "was subject to an illegal sentence in violation of the Eighth Amendment and 18 U.S.C. § 3553." *Id.* at 5. And, in support of his third ground, he alleges that he "was led into an ambiguous plea agreement through the advice of his defense counsel in violation of the Fourteenth Amendment." *Id.* at 7. All of his grounds are conclusory and leave the Court to guess what his complaints might be. They are simply insufficient to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

Movant's second and third grounds, even if they were coherent, would not entitle him to relief because they should have been raised on direct appeal. *Shaid*, 937 F.2d at 232. Movant has not made any attempt to show cause and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). The record reflects that Movant was sentenced within the applicable guideline range. And, there is nothing apparently ambiguous about the plea agreement.[2]

The Court notes that Movant filed what purports to be a brief in support of his motion after the government had filed its response. Civ. Doc. 8. The document does not provide much clarity about the claims, except that Movant includes a laundry list of supposed shortcomings of counsel. *Id.* at 8–9. The list is wholly conclusory and none of his allegations are sufficient to show that counsel's performance fell below an objective standard of reasonableness and that, but for such errors, the result of the proceeding would not have been the same. *Strickland*, 466 U.S. at 687. The record establishes that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). He has made no attempt to show that that but for counsel's errors, he

---

[2] The Court has no reason to believe that this could be a cognizable claim in any event.

would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III.   CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 28th day of May, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE